# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 6, 1914.

MOSES WAGENHEIM AND ROSE WAGENHEIM
VS.
SAMUEL WAGENHEIM AND WIFE AND CHARLES WAGENHEIM AND WIFE.

*Samuel Want* and *Louis S. Ashman* for complainants.

*R. Lee Slingluff* for defendants.

DAWKINS, J.—

This is a bill by an aged father and mother against their younger children to set aside certain deeds which reserve to the plaintiffs a life estate only with remainder over to the defendants in the property mentioned in the proceedings. A great deal of testimony was

taken which is of a very conflicting character. It would not be profitable to discuss this in detail. I have reached the conclusion from all the evidence that the property was bought by the old people themselves or if bought by the sons that it was intended for the free use and enjoyment of their parents and that there was subsequently an understanding of some sort in regard to the support and maintenance of the parents in return for a conveyance of the property in the form in which it was conveyed. These old people (over 70 years of age now) could not then and can not now understand English. They must have relied upon their sons. The failure to record the deed for two years would indicate that it was not meant to be an absolute conveyance at the time it was given. The defendants paid money to their brothers and they continued to make other payments, but they received all or part of the rent arising from the property. I can not believe that these payments were kept up merely as one of the defendants testified, as a matter of habit. There must have been some reason for the defendants continuing to pay. Whilst I believe that the old people executed the deed, yet I cannot feel that they realized that they were parting with their home without having received the promise of support. This may be a case in which aged parents have deeded their property to their sons and repented their bargain, but I am constrained to believe that the agreement was a condition subsequent so that the form of the transaction need not be our guide, but the intents and purposes as disclosed by the weight of testimony should direct us to a proper conclusion.

*A deed given in consideration of an agreement to care for and support the grantor during his lifetime will be canceled for failure to continue to carry out the agreement. The law presumes that a gift by a parent to the child is the product of undue influence and the burden is upon the child of proving to the contrary.* Conceding the agreement, the sons in this case have failed to provide for the parents. Such failure, if the sons' agreement be a condition subsequent, then the conditions are broken and the conveyance would have to fall. One of the defendants testified to his surprise when the deed was given to him. I can not appreciate

his surprise, as it is entirely irreconcilable with the other actions of this same defendant. I believe that every confidence was reposed in these sons by the parents, that they (the sons) knew the effect of the deed, that the old people did not know its force, that there was some sort of an understanding in their minds that if the young sons would take care of them they should have the property, that they not only did not keep to their agreement, but these same sons appropriated a good part of the rent and income arising from the property to their own use. This house seems to have been all that the plaintiffs had. A Court of Equity must presume that the donors did not appreciate the consequences to themselves of their voluntary act (even if it can be so considered), so the burden is upon the donees to show that the donors had the benefit of proper independent advice.

113 Maryland, Thiede, 278.

79 Maryland, Zimmerman, 115.

98 Wisconsin, Gilchrist, 428.

I, therefore, conclude that there was an agreement of support, that if the plaintiffs were advised of the contents of the papers signed, by anybody; that it conveyed no more to them than this, that the sons were to take care of them in return for which the property was to belong to the sons upon the death of the parents, and that this agreement is broken.

Entertaining these views, the deed will be set aside and the title to this property placed so that the plaintiffs shall hold it free and clear from any remainder estate created by the deed or deeds mentioned in the proceedings.